IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **MICHAEL SANDERS** | § | |
| | § | |
|     **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| | § | |
| **TERRENCE CARLYLE LEWIS AND** | § | |
| **CRS LOGISTICS INC.** | § | |
| | § | |
|     **DEFENDANTS** | § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants CRS Logistics Inc. and Terrence Carlyle Lewis (collectively "Defendants"), file this Notice of Removal of this action from the 163rd Judicial District Court of Orange County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division, the district and division embracing the place where the state court is located. This notice of removal is filed pursuant to 28 U.S.C. §§ 1332 and 1441.

### I.
### STATEMENT OF THE CASE

On February 22, 2021, Plaintiff Michael Sanders filed a lawsuit against Defendants in the 163rd Judicial District Court of Orange County, Texas (Cause No. B210071-C, styled *Michael Sanders v. Terrence Carlyle Lewis and CRS Logistics Inc.*). Plaintiff's Original Petition ("Petition") has been served on Defendants. CRS Logistics Inc. received notice of the suit from

the Texas Secretary of State on March 11, 2021.¹ The Petition asserts a cause of action for negligence as a result of a motor vehicle accident which occurred in Orange County, Texas and seeks damages relating to that negligence in excess of $250,000.00 but not more than $1,000,000.00.  A copy of the Petition and Citations served on Defendants are attached hereto as Exhibit 2 and 3, respectively.  Removal is proper based in diversity jurisdiction as discussed herein.

## II.
### BASIS FOR DIVERSITY JURISDICTION

Removal is proper on diversity grounds pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.  No defendant is a citizen of the same state as Plaintiff.**

Diversity jurisdiction exists when there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State.² Here, the parties are completely diverse because neither Defendant is a citizen of Louisiana.  In addition, none of the parties are citizens of Texas.

Michael Sanders is a citizen of the State of Louisiana.³  A business is a citizen of the state in which it is incorporated in and the state in which it has its principal place of business.⁴ Defendant CRS Logistics Inc. is a foreign for-profit corporation incorporated in the State of Pennsylvania with its principal place of business in Pennsylvania.⁵   Defendant Terrence Carlyle

---

¹ *See* Exhibit 3.
² *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).
³ *See* Exhibit 2, Petition ¶ 2.1
⁴ *See* 28 U.S.C. § 1332(c).
⁵ *See* Exhibit 2, Petition ¶ 2.3 and Exhibit 5, Department of State of Pennsylvania Entity Details

Lewis is a citizen of the State of Georgia.[6] Neither Defendant shares citizenship with Plaintiff and neither Defendant is a citizen of the forum state.

### B. The amount in controversy exceeds $75,000.00.

When a defendant seeks removal on the basis of diversity jurisdiction, the amount in controversy must be established by the specific "good faith" sum demanded by the plaintiff in its initial pleading.[7] If the plaintiff does not state the amount of damages it seeks, the burden falls on the defendant seeking removal to prove the value of the plaintiff's claims.[8]

The defendant must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.[9] This burden is met when " (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000; or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount."[10]

Here, Plaintiff's Petition states that the Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00.[11]

Since the amount in controversy exceeds $75,000, the court may exercise diversity jurisdiction over this action.

---

[6] *See* Exhibit 2, Petition ¶ 2.2
[7] *See* 28 U.S.C. § 1446(c)(2).
[8] *See St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[9] *Maguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[10] *Id.* (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F3d 848, 850 (5th Cir. 1999) and *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).
[11] Exhibit 2, Petition, ¶ 1.1

## III.
### PROCEDURAL REQUIREMENTS SATISFIED

Defendants' removal is timely under 28 U.S.C. 1446(b), because it is filed within thirty days of Defendants' receipt of the Petition, through service or otherwise. The Easter District of Texas, Beaumont Division, is the appropriate federal court for purposes of this removal because it is the federal district and division that encompasses the 163rd Judicial District Court of Orange County, Texas.[12]

In accordance with 28 U.S.C. 1446(a) and Local Rule 81, Defendants have attached the following hereto: (1) a list of all parties in the case, their party type and current status of the removed case,[13] (2) a civil cover sheet and a copy of all pleadings that assert causes of action, all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court (there is no state court docket sheet),[14] (3) a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number, and party or parties represented by that attorney,[15] (4) a record of which parties have requested jury trial,[16] and (5) the name and address of the court from which the case was removed.[17]

Defendants have simultaneously given prompt written notice of the filing of this Notice of Removal to all adverse parties and filed a copy of this Notice of Removal with the 163rd Judicial District Court of Orange County, Texas.[18]

---

[12] *See* 28 U.S.C. § 124(b)(2).
[13] Exhibit 6
[14] Exhibit 2, Exhibit 3, Exhibit 4, and Exhibit 11.
[15] Exhibit 7
[16] Exhibit 8
[17] Exhibit 9
[18] Exhibit 10

                                    Respectfully submitted,

                                    Olga S. Panchenko
                                    State Bar No. 24058773
                                    Federal Bar No. 3623057
                                    Law Offices of Gabriel S. Hendrickson
                                    2777 Allen Parkway, Suite 370
                                    Houston, Texas 77019
                                    Tele:   (832) 596-7083
                                    Fax:    (830) 542-5616
                                    Email:  Olga.panchenko@aig.com
                                    **ATTORNEY IN CHARGE FOR DEFENDANTS CRS LOGISTICS INC. AND TERRENCE CARLYLE LEWIS**

**OF COUNSEL:**
**LAW OFFICES OF GABRIEL S. HENDRICKSON**
2777 Allen Parkway, Suite #370
Houston, Texas  77019
(713) 831-4800
(830)0542-5616 Fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been forwarded on this the 9th day of April, 2021 by:

Ryan Berchelmann  
Jason T. Ruen  
12777 Jones Road, Suite 297  
Houston, Texas 77070

☐ Facsimile: 281-664-6501  
☒ Efile/Electronic Filing:  
  Ryan.Berchelmann@attorneygus.com  
  Jason@attorneyguss.com  
  SJG-Service@attorneyguss.com  
☐ Hand Delivery  
☐ Regular Mail  
☐ Email  
☐ Certified Mail, Return Receipt Requested

_____  
Olga S. Panchenko