FILED: 2/22/2021 5:45 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 50802358
Reviewed By: Justin Rhodes

CAUSE NO. B210071-C

| | | |
|---|---|---|
| MICHAEL SANDERS | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | ORANGE COUNTY, TEXAS |
| | § | |
| TERRENCE CARLYLE LEWIS and | § | |
| CRS LOGISTICS INC. | § | 163rd JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, MICHAEL SANDERS, and files this Original Petition complaining of and against Defendants, TERRENCE CARLYLE LEWIS and CRS LOGISTICS INC., and would respectfully show the Court as follows:

### I. DISCOVERY LEVEL

1.1   Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00 and a demand for judgment for all the other relief to which Plaintiff deems himself entitled.

1.2   Plaintiff intends to conduct discovery in this matter under Level 2 of Texas Rule of Civil Procedure 190.3.

### II. PARTIES

2.1   Plaintiff is a resident of Jefferson Parrish, Louisiana. The last three digits of Plaintiff's social security number are 017. The last three digits of Plaintiff's driver's license number are 202.

2.2   Defendant Terrence Carlyle Lewis is a resident of the State of Georgia. His address is: 110 Tall Tree Road, Athens, Georgia 30606. Pursuant to Tex. Civ. Prac. & Rem. Code § 17.062(a), because this Defendant is a nonresident of Texas who was involved in an accident that occurred while operating a motor vehicle on a public highway or street in Texas, the Chairman of

the Texas Transportation Commission is his agent for service of process. This Defendant may be served with process by an authorized process server serving two copies of the petition and two copies of the citation on the Chairman of the Texas Transportation Commission, to wit: J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483. Immediately after being served, the chairman by properly addressed letter shall mail to the nonresident Defendant Terrence Carlyle Lewis:

    (1) a copy of the process; and

    (2) notice that the process has been served on the chairman.

(c) The notice and copy of the process must be sent to the nonresident Defendant Terrence Carlyle Lewis by registered mail, or by certified mail, return receipt requested, with the postage prepaid. The issuance of citation and service of process on this Defendant is hereby requested.

2.3    Defendant, CRS Logistics Inc. is a foreign, for-profit Pennsylvania corporation lawfully doing business in the State of Texas. This Defendant does not maintain a registered agent for service in the State of Texas, and with reasonable diligence its registered agent could not be located. Thus, pursuant to Sections 5.251(1)(A)(B) of the Texas Business Organizations Code, this Defendant may be served by serving two copies of the process on the Texas Secretary of State by certified mail, return receipt requested, at the following address: Service of Process, Secretary of State, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701, or wherever it may be found. The Texas Secretary of State will then forward a copy of the process to Defendant, CRS Logistics Inc. at its last known address located at: 4971 Poplar Circle, Schnecksville, PA 18078. The issuance of citation and service of process on this Defendant is requested at this time.

### III. PARTIES – ASSUMED NAMES

3.1    To the extent that any or all of the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to

the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff is suing any partnership, unincorporated association, private corporation, or individual whose name contains the words or who does business under or as "CRS Logistics." It is the intent of the Plaintiff to file this lawsuit against the owners, partners, managers, and/or controllers of the entity acting as the employer of Defendant, Terrence Carlyle Lewis and known as "CRS Logistics" and Plaintiff hereby demands that upon answering this suit, that the Defendant answer in its correct legal name and assumed name.

3.2   To the extent that any or all of the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff is suing any partnership, unincorporated association, private corporation, or individual whose name contains the words or who does business under or as "CRS Logistics." It is the intent of the Plaintiff to file this lawsuit against the owners, partners, managers, and/or controllers of the entity acting as the employer of Defendant, Terrence Carlyle Lewis and known as "CRS Logistics" and Plaintiff hereby demands that upon answering this suit, that the Defendant answer in its correct legal name and assumed name.

### IV. JURISDICTION & VENUE

4.1   The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

4.2   Venue is proper in Orange County, Texas, according to Tex. CPRC §15.002(a)(1), because Orange County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## V. FACTUAL BACKGROUND

5.1   On or about June 25, 2019, Defendant, Terrence Carlyle Lewis was driving a Kenworth T680 pulling a Reitnouer trailer while in the course and scope of his employment with Defendant CRS Logistics Inc. Defendant Terrence Carlyle Lewis was traveling eastbound on Interstate Highway 10 in Orange County, Texas when he failed to control the speed of his tractor-trailer and crashed into the back of a truck occupied by Plaintiff.

5.2   Plaintiff suffered bodily injuries and damages as a result of Defendants' negligence.

## VI. NEGLIGENCE OF TERRENCE CARLYLE LEWIS

6.1   As Defendant, Terrence Carlyle Lewis was operating a commercial motor vehicle at the time of the incident, he had a duty to exercise ordinary care in the operation of the same, to drive the vehicle in a reasonable and prudent manner, and to abide by the provisions of Chapters 544 and 545 of the Texas Transportation Code, and to abide by Federal Motor Carrier Safety Regulations and/or Texas Motor Carrier Safety Regulations. Defendant breached this duty and was negligent in one or more of the following ways:

a. In failing to control the speed of the motor vehicle he was operating;
b. In failing to keep a proper lookout;
c. In failing to timely apply the brakes;
d. In failing to take proper evasive action;
e. In failing to drive the motor vehicle at a rate of speed that an ordinary and prudent person would have driver under the same or similar circumstances;
f. In operating a motor vehicle in a reckless manner;
g. In operating the vehicle at an unsafe speed;
h. Failing to maintain control of the vehicle he was operating;
i. In operating a motor vehicle while fatigued;
j. In operating a motor vehicle while distracted;
k. In violating applicable provisions of the Texas Transportation Code; and
l. In violating applicable provisions of the Federal Motor Carrier Safety Regulations and/ or Texas Motor Carrier Safety Regulations.

6.2   Each of the foregoing negligent acts or omissions, whether taken singularly or in any combination, proximately caused Plaintiff's injuries and damages.

## VII. NEGLIGENCE OF DEFENDANT CRS Logistics Inc.

7.1     At the time of the incident, Defendant, Terrence Carlyle Lewis was operating a commercial motor vehicle in the course and scope of his employment with Defendant CRS Logistics, Inc. Defendant CRS Logistics, Inc. is legally responsible to Plaintiff for the negligent conduct of Defendant, Terrence Carlyle Lewis under the legal doctrines of *respondeat superior*, agency, and/or ostensible agency because Defendant, Terrence Carlyle Lewis was at all times material hereto an agent, ostensible agent, servant, and/or employee of Defendant CRS Logistics, Inc. and was acting within the course and scope of such agency or employment. As a result, thereof, Defendant CRS Logistics, Inc. is vicariously liable for all negligence of Defendant, Terrence Carlyle Lewis

7.2     Defendant CRS Logistics, Inc. was also negligent in their hiring, training, supervision, monitoring, and retention of Defendant, Terrence Carlyle Lewis and such negligence proximately caused the collision and Plaintiff's injuries and damages.

7.3     Defendant CRS Logistics, Inc. was also negligent in maintaining their commercial vehicle and equipment.

7.4     Plaintiff pleads the foregoing facts and theories cumulatively and alternatively, with no election or waiver of rights or remedies.

## VIII. DAMAGES

8.1     Because of the actions and conduct of Defendants set forth above, Plaintiff suffered bodily injuries and damages. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.

8.2     Because of the nature and severity of the injuries Plaintiff sustained, he has suffered physical pain, mental anguish, and physical impairment, and in reasonable probability, will continue to suffer physical pain, mental anguish, and physical impairment into the future.

8.3     The injuries sustained by Plaintiff has required medical treatment in the past and, in reasonable medical probability, will require other and additional medical treatment in the future. Charges incurred by Plaintiff for such medical treatment in the past, and those which will in reasonable medical probability be incurred in the future, have been and will be reasonable charges made necessary by the incident in question.

8.4     Plaintiff has also sustained a loss of earning capacity in the past and in reasonable probability will sustain a loss of earning capacity in the future.

## IX. RESERVE THE RIGHT TO AMEND & SUPPLEMENT

9.1     These allegations against Defendants are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

## X. NOTICE OF INITIAL DISCLOSURES TO DEFENDANT

10.1    Pursuant to Texas Rule of Civil Procedure 194.2, Defendants' Initial Disclosures are due 30 days after the filing of the first answer. A party that is first served or otherwise joined after the filing of the first answer must make initial disclosures 30 days after being served or joined.

## XI. PRE-JUDGMENT INTEREST AND POST-JUDGEMENT INTEREST

11.1    Plaintiff would additionally say and show that he is entitled to recovery of pre-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiff here and now sue for recovery of pre-judgment and post-judgement interest as provided by law and equity under the applicable provisions of the laws of the State of Texas.

## XII. JURY DEMAND

12.1   Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby demands a trial by jury and the appropriate fee is being tendered.

## XIII. PRAYER

13.1   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff recovers actual damages as specified above from Defendants, jointly and severally, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

**STEWART J. GUSS & ASSOCIATES, PLLC**

*/s/Ryan Berchelmann*
Ryan Berchelmann
TBN: 24078225
Jason J. Ruen
TBN: 24072316
12777 Jones Road, Suite 297
Houston, Texas 77070
(281) 664-6500
(281) 664-6501 Facsimile
General Correspondence Email:
ryan.berchelmann@attorneyguss.com
jason@attorneyguss.com

E-Service: SJG-Service@attorneyguss.com

*\*E-Service is only accepted at the above designated E-Service email address.*

ATTORNEYS FOR PLAINTIFF